PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAD D. MILLS, | ) | CASE NO. 3:23-cv-2284 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| WARDEN THOMAS WALLACE,[1] | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | [Resolving ECF Nos. 14 and 17] |
| | ) | |

*Pro se*, Petitioner Shad Mills was convicted of Aggravated Burglary and Assault in the Erie County Court of Common Pleas and sentenced to a term of incarceration of 21 to 26 and one-half years. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. Pursuant to Northern District of Ohio Local Rule of Civil Procedure 72.2, the matter was referred to the assigned magistrate judge to prepare a Report and Recommendation. ECF No. 12.

Pending before the Court are Petitioner's Objections to the magistrate judge's Report and Recommendation and Petitioner's Motion for Stay and Abeyance. ECF No. 14; ECF No. 17. Respondent did not respond to Petitioner's Objections but did respond to Petitioner's Motion for Stay and Abeyance. ECF No. 18.

For the following reasons, Petitioner's Motion for Stay and Abeyance is denied. ECF No. 17. Petitioners' objections are overruled. The Court adopts the Report and

[1] Pursuant to Fed. R. Civ. P. 25(d) and Rule 2(a) of the Habeas Rules, Angela Stuff is the current Richland Correctional Institution Warden and is substituted as the proper respondent.

Recommendation, and the Petition for Writ of Habeas Corpus is denied. ECF No. 12; ECF No. 1.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. State Trial and Direct Appeal

Petitioner was indicted on two charges: aggravated burglary, a violation of Ohio Rev. Code § 2911.11(A)(1) and (B) ("Count 1"), and felonious assault, a violation of Ohio Rev. Code § 2903.11(A)(1) and (D)(1)(a) ("Count 2"). *See State v. Mills*, 2023-Ohio-1094, 2023 WL 2728798 ¶ 2 (Ohio Ct. App. 2023) (summarizing Petitioner's convictions). Petitioner pled not guilty. ECF No. 1 at PageID #: 1. The case was tried before a jury and Petitioner was convicted on both counts. ECF No. 1 at PageID ##: 1–2.

Petitioner timely appealed his conviction to the Ohio Court of Appeals for the Sixth District, raising two assignments of error:

> **ASSIGNMENT ONE:** The jury's verdict was against the manifest weight of the evidence, [and] the sufficiency of the evidence, and the court erred in denying the defendant's criminal Rule 29 motion for acquittal.
>
> **ASSIGNMENT TWO:** The trial court erred and abused its discretion by admitting evidence and giving a "consciousness of guilt" jury instruction concerning appellants' statements of suicidal ideations [sic] and apologies.

*State v. Mills*, 2023-Ohio-1094, 2023 WL 2728798 ¶ 12 (Ohio Ct. App. 2023) (cleaned up). The appellate court affirmed his conviction on March 31, 2023. *See id*.

On May 12, 2023, Petitioner appealed to the Supreme Court, advancing one proposition of law: "Ineffective Assistance of Counsel." ECF No. 8-1 at PageID ##:192–93. On July 5, 2023, the Supreme Court declined jurisdiction. *State v. Mills*, 2023-Ohio-2236, 170 Ohio St.3d 1482 (Ohio 2023). Petitioner did not further appeal.

**B. Report and Recommendation**

Petitioner filed the instant habeas petition asserting three grounds for relief:

> **GROUND ONE:** The jury's verdict was against the manifest weight of the evidence, the sufficiency of the evidence, and the court erred in denying the defendant's criminal Rule 29 motion for acquittal[.]
>
> **GROUND TWO:** The trial court erred and abused its discretion by admitting evidence and giving a "consciousness of guilt" jury instruction concerning appellants' statement of suicidal ideations [sic] and apologies.
>
> **GROUND THREE**: Ineffective Assistance of Counsel.

ECF No. 1; ECF No. 9; ECF No. 12 at PageID #: 1358 (cleaned up).

The assigned magistrate judge issued a Report recommending that the Court dismiss the petition. ECF No. 12. The magistrate judge concluded that Ground One was procedurally defaulted because Petitioner failed to raise that issue in his appeal to the Ohio Supreme Court. ECF No. 12 at PageID ##: 1366–67. The magistrate judge reasoned that even if Ground One were not procedurally defaulted, "manifest-weight claims are not cognizable in federal habeas actions;" *see Taylor v. Buchanan*, 2020 WL 7586967, at * 3 (6th Cir. 2020), nor did Petitioner satisfy his burden of overcoming the deference federal courts must give to state-court findings.[2] ECF No 12 at PageID ##: 1369–71.

Concerning Ground Two, the magistrate judge concluded that Petitioner failed to adequately present his arguments regarding the jury instruction to the Supreme Court. ECF No. 12 at PageID #: 1371. Because Petitioner did not show cause or prejudice for this procedural

[2] In the recommendation, the magistrate judge construed Petitioner's actual innocence claim as an attempt to excuse procedural default but concluded that Petitioner failed to produce reliable evidence of actual innocence. ECF No. 12 at PageID ##: 1367–68. This is discussed below.

failure, Ground Two was procedurally defaulted. ECF No. 12 at PageID #: 1371. Furthermore, Petitioner did not explain why the jury instruction was improper. ECF No. 12 at PageID #: 1377.

Regarding Ground Three, the magistrate judge pointed out that Petitioner failed to specify whether he complained of the ineffectiveness of trial or appellate counsel. ECF No. 9 at PageID #: 1294; ECF No. 1 at PageID #: 8. Nevertheless, the magistrate judge recommended that Ground Three was procedurally defaulted because Petitioner failed to raise the ineffective assistance of trial counsel on direct appeal and failed to file the necessary request for post-conviction relief. ECF No. 12 at PageID ##: 1380–82. And, to the extent Petitioner alleged ineffective assistance of appellate counsel, he failed to file his challenge within 90 days as required by Ohio App. R. 26(B)(1). Furthermore, Petitioner did not provide any reason to excuse his failure to timely file a 26(B) application. ECF No. 12 at PageID ##: 1282–83.

Petitioner objects to the Report and Recommendation regarding Grounds One and Three. ECF No. 14; ECF No. 14-1. He argues he is entitled to habeas corpus relief and that he can overcome the procedural default because he is "actually innocent". ECF No. 1; ECF No. 14-1 at PageID #: 1393. Petitioner makes no clear objection to Ground Two. ECF No. 14; ECF No. 14-1.

### C. Motion for Stay and Abeyance

After the magistrate judge issued the Report and Recommendation and Petitioner objected, Petitioner filed a Motion for Stay and Abeyance, claiming a stay is necessary so that he can exhaust all state remedies. ECF No. 17. Respondent opposes the motion, arguing that Petitioner did not show "good cause" to justify granting his Motion for Stay and Abeyance. ECF No. 18. Additionally, Respondent claims that Petitioner's grounds in this matter are all procedurally defaulted. ECF No. 18.

## II. STANDARD OF REVIEW

When a petitioner makes an objection to a magistrate judge's report and recommendation, the district court's standard of review is *de novo*. Fed. R. Civ. P. 72(b)(3). A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id*. Objections "must be specific in order to trigger the *de novo* review." *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (Adams, J.) (citing Fed. R. Civ. P. 72(b)(2)) (emphasis added). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (Lioi, J.) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (Cleland, J.)). "A party disappointed with the magistrate judge's recommendation has a 'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id*. (quoting *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014) (Carr, J.) (citing *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)). "A general objection to the entirety of [a Report and Recommendation]" or "an exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections." *Potter*, 2020 WL at *1.

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)–(2); *see Wilson v. Sheldon*, 874 F.3d 470, 474–75 (6th Cir. 2017).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "A federal court may not issue the writ on the basis of a perceived error of state law." *Nguyen v. Warden, N. Cent. Corr. Inst.*, No. 19-3308, 2019 WL 4944632, at *4 (6th Cir. July 24, 2019) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)). Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See Mason v. Nagy*, No. 21-1040, 2021 WL 6502177, at *3 (6th Cir. July 27, 2021) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) (stating that "[a] violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.") (citation omitted); *id*. (explaining that "[w]e must accept as valid a state court's interpretation of the statutes and rules of practice of that state.") (citing *Estelle*, 502 U.S. at 67–68).

## III. DISCUSSION

### A. Procedural Barriers to Habeas Review

Before a federal court will review the merits of a habeas petition under § 2254, "a state prisoner must first exhaust all possible state remedies." *Hinton v. Frederick*, No. 5:24-cv-1266,

2024 WL 4349367, at *2 (N.D. Ohio Sept. 30, 2024) (Oliver, J.) (citing *Baldwin v. Reese*, 541 U.S. 27 (2004)). Exhaustion requires that a claim is "fairly presented to the state courts." *Whitman v. Gray*, 104 F.4th 1235, 1238 (6th Cir. 2024) (citing *Wagner v. Smith* 581 F.3d 410, 414 (6th Cir. 2009)). Exhaustion is satisfied when a petitioner has argued the factual and legal basis for their claims at each level of the state court system. *Id*.

Emanating from the exhaustion requirement is the doctrine of procedural default, which applies if:

> (1) the petitioner fails to comply with a state procedural rule;
>
> (2) the state courts enforce the rule;
>
> (3) the state procedural rule is an adequate and independent state ground for denying review of a federal constitutional claim; and
>
> (4) the petitioner cannot show cause and prejudice excusing the default.

*Guilmette v. Howes*, 624 F.3d 286, 290 (6th Cir. 2010) (quoting *Tolliver v. Sheets*, 594 F.3d 900, 928 n.11 (6th Cir. 2010)) (cleaned up); *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). It is Petitioner's burden to demonstrate both (1) some cause or excuse for the default and (2) actual prejudice from the alleged constitutional error. *Wallace v. United States*, 43 F.4th 595, 602 (6th Cir. 2022).

When "cause and prejudice" are based on claims of ineffective assistance of counsel—as in this case—petitioners "must show that there is a 'reasonable probability' that they would have won on an issue that the attorney failed to raise." *Id*. at 603 (citing *Smith v. Robbins*, 528 U.S. 259, 285 (2000)). The analysis of Petitioner's "cause and prejudice" argument "oddly" requires consideration of the merits of his procedurally defaulted claim. *Id*. (citing *Kelly v. Lazaroff*, 846 F.3d 819, 829 (6th Cir. 2017)). Because courts presume counsel is effective, a habeas petitioner

has a significant hurdle in establishing ineffectiveness. *See, e.g., Davis v. Jenkins*, 115 F.4th 545, 564 (6th Cir. 2024) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984)). A petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced them at trial or during appeal. *Strickland*, 466 U.S. at 687.

**B. Ground One**

In Ground One, Petitioner claims that the jury's verdict was against the manifest weight of the evidence, the sufficiency of the evidence, and that the trial court erred in denying his criminal Rule 29 motion for acquittal. ECF No. 1. This ground is procedurally defaulted because Petitioner did not raise Ground One on appeal to the state supreme court. *See* ECF No. 1 at PageID #:3; *State v. Mills,* 2023-Ohio-2236, 170 Ohio St.3d 1482 (Ohio 2023) (bringing only an ineffective assistance of counsel claim); *see also Caver v. Straub*, 349 F.3d 340, 346 (6th Cir. 2003) (showing that "[f]air presentation of an issue requires that a petitioner give state courts a full opportunity to resolve constitutional issues by invoking "one complete round" of the state's appellate review system.") (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that "one complete round" includes discretionary appeal to state supreme court)). Petitioner argues this default is excused because he is actually innocent. This argument fails. ECF No. 9, ECF No. 14; ECF No. 14-1.

To succeed on his claim of actual innocence, Petitioner must demonstrate that prejudice will result if his claim is not now considered; or by showing that he is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Additionally, he must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). At most, Petitioner makes vague claims, without any substantiation in the record, that the trial court's suppression hearing violated due process; that witnesses were permitted to sit in the courtroom and take notes before testifying; and that he was denied discovery. ECF No. 14-1 at PageID #: 1389. None of these claims, even if true, demonstrate that Petitioner is actually innocent of the crimes for which he was convicted. *See e.g.*, *Bousely v. United States*, 523 U.S. 614, 623 (1998) (explaining that "actual innocence means factual innocence, not mere legal insufficiency.").

Additionally, Petitioner's claim that the trial court had a conflict of interest because of Petitioner's 2010 criminal history also fails. ECF No. 9 at PageID #: 1292; ECF No. 14-1 at PageID #: 1393. As an initial matter, Petitioner's Ground One claim does not allege judicial or prosecutorial bias, or prosecutorial misconduct. ECF No. 1. These claims are raised for the first time in his traverse. ECF No. 9. Therefore, the claims were improperly raised and the Court need not address them. *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2000) (establishing that claims raised for the first time in the traverse are improper).

Moreover, Petitioner's manifest weight claims are not cognizable on federal habeas review. *See* *Taylor*, 2020 WL at * 3 (citing *Johnson v. Havener*, 534 F.2d 1232, 1234 (6th Cir. 1976) (explaining that "manifest weight of the evidence . . . is a state law claim unavailable for federal habeas review"). Even if manifest weight claims were cognizable, the state court's decision on the merits is owed significant deference by federal courts, and it is Petitioner's burden to overcome that deference. 28 U.S.C. § 2254(d). First, Petitioner must show that when "viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (emphasis original). Second, Petitioner must show

that, "even [if the Court were] to conclude that a rational trier of fact could *not* have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Id*. (citation modified) (emphasis added); 28 U.S.C. § 2254(d)(2).

Petitioner did not overcome the requirement for deference to the state court. His traverse failed to identify any facts in the trial record that, when viewed in the prosecution's favor, would have resulted in a different outcome and that the state's determination was unreasonable. ECF No. 9 at PageID #: 1291–92; *see Tyler*, 416 F.3d at 504. His objection also lacks such reasoning. He asserts that he brought claims to his counsel before trial which went unanswered. ECF No. 14-1 at PageID #: 1391. Yet he does not point to anything in the trial record identifying what the claims were or when the alleged conversation(s) occurred. ECF No. 14-1 at PageID #: 1391. Neither does he explain how those claims would have changed the outcome of the trial. ECF No. 14-1 at PageID #: 1391; *see Brown*, 567 F. 3d at 205 (providing that "[the Court] must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution.").

Petitioner also claims that the victim in his criminal trial records was sealed, which he purports was an attempt to "hide the truth." ECF No. 14-1 at PageID #: 1391. Again, he provides no facts in the trial record indicating that unsealing the victim's records would have produced a different outcome. ECF No. 14-1 at PageID #: 1391.

Accordingly, Petitioner has failed to meet his burden to show actual innocence or any other excuse for the procedural default of Ground One. Moreover, he failed to overcome the deference owed to state-court decisions. Ground One is procedurally defaulted and dismissed.

**C. Ground Two**

A habeas petitioner has a "duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Enyart*, 29 F. Supp. 3d at 1068 (citation omitted). Because Petitioner did not object to the magistrate judge's recommendation that Ground Two be dismissed as procedurally defaulted, the Court need not review that recommendation *de novo*. *See id*.; ECF No. 14; ECF No. 14-1. Therefore, the Court adopts the Report and Recommendation regarding Ground Two, which is dismissed.

**D. Ground Three**

Petitioner's final objection to the Report and Recommendation concerns the magistrate judge's determination regarding the merits of his ineffective assistance of counsel claim. ECF No. 14; ECF No. 14-1 at PageID #: 1390–92. Because Petitioner did not specify whether his ineffective assistance of counsel claim applied to his trial counsel or appellate counsel, the Court analyzes both. Given that Petitioner could, and should, have raised the ineffective assistance of trial counsel claim on direct appeal, Ground Three is procedurally defaulted because he did not fairly present it during his direct appeal. *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (considering that "if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised on direct appeal, the claim is procedurally defaulted" (citing *Engle v. Issac*, 456 U.S. 107, 125 n. 28 (1982)).

In contrast, Petitioner did raise an ineffective assistance argument in his appeal to the Ohio Supreme Court. *See State v. Mills*, 2023-Ohio-1094, 2023 WL 2728798 ¶ 12 (Ohio Ct. App. 2023); *State v. Mills,* 2023-Ohio-2236, 170 Ohio St.3d 1482 (Ohio 2023). Nonetheless, Petitioner's ineffective assistance of appellate counsel claim is procedurally defaulted because Ohio App. R. 26(B) requires such claims to be raised within 90 days of the appellate court's

judgment. *See* Ohio App. R. 26(B) (providing that "[a]ny application for reopening must be filed in the court of appeals where the appeal was decided within 90 days after the court's judgment is filed by the clerk of the court of appeals."). The appellate court issued its ruling on March 31, 2023. Petitioner had till June 29, 2023, to file a Rule 26(B) application. He did not make a filing to challenge ineffective assistance of appellate counsel within that time frame. This means that Petitioner could only comply with Rule 26(B) if "the [Petitioner] shows good cause for filing at a later time." Ohio App. R. 26(B); *see Prieto v. Schweitzer*, No. 4:18-cv-222, 2019 WL 2605639, at *8 n.5 (N.D. Ohio May 31, 2019) (showing that a petitioner's failure to file an Ohio App. R. 26(B) application to reopen or provide any reason why he had not filed one procedurally defaulted any claims for ineffective assistance of appellate counsel.). He has not offered the required good cause.

As discussed above, regarding Ground One, Petitioner argues his "actual innocence" excuses his procedural default. ECF No. 14-1 at PageID #: 1391. That argument fails as to Ground Three for the same reasons explained above.

Ground Three is procedurally defaulted and dismissed.

**E. Petitioner's Motion for Stay and Abey**

"[S]tay and abeyance should be available only in limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).[3] The Supreme Court has established that a motion to stay should be granted "when the district court determines there was good cause for the petitioner's

[3] Staying a federal habeas petition frustrates two objectives that AEDPA's: (1) "encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings;" (2) "streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277.

failure to exhaust his claims first in state court." *Id*. at 270. Even when a petitioner would have good cause for that failure, the district court abuses its discretion if it grants a petitioner's stay when the unexhausted claims are plainly meritless. *Id*.

Petitioner has not shown good cause for granting his Motion for a Stay and Abeyance. ECF No. 17. The Court is not provided with the specific remedies Petitioner would like to exhaust at the state level; he only vaguely mentions that he would like to exhaust "all state remedies that are available to me at the state level." ECF No. 17. His motion does not meet the "good cause" standard; and even if he were to go to state court, all his claims are procedurally defaulted. Therefore, Petitioner has failed to meet the good cause standard established by the Supreme Court in *Rhines*. Accordingly, the Court denies Petitioner's Motion for Stay and Abeyance.

## IV. CONCLUSION

Petitioner's Motion for Stay and Abeyance is denied. ECF No. 17. Petitioners' objections are overruled. The Court adopts the Report and Recommendation, and the Petition for Writ of Habeas Corpus is denied. ECF No. 12; ECF No. 1.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

September 25, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge